IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAQUAN WILLIAMS,

  Plaintiff

 v.

D. LEE, et al,

  Defendants

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:19-cv-41


UNITED STATES MAGISTRATE JUDGE
RICHARD A. LANZILLO

ORDER ON PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION [ECF NO.
24]

I. Introduction

  This matter is before the Court upon Plaintiff Laquan Williams' second motion for

preliminary injunction. ECF No. 24. Defendants have filed a response in opposition [ECF No.

33] and Williams has filed a reply [ECF No. 34]. For the following reasons, Williams' motion

will be denied.

II. Background

  In the underlying complaint, Williams, an inmate incarcerated at the State Correctional

Institution at Forest (SCI-Forest), generally alleges that prison officials engaged in unlawful

retaliation after Williams filed grievances and lawsuits. One such instance concerns Williams'

progression through the five phases of the prison's Security Threat Group Management Unit

(STGMU) program. As previously explained by this Court:

> [T]he [STGMU] unit at SCI-Forest that houses and provides services to
> inmates with affiliations to security threat groups. ECF No. 1-2 ¶ 12;
> ECF No. 15-1 ¶ 3. The STGMU program includes several "phases"
> through which an inmate can "progress" over time by exhibiting
> appropriate behavior. ECF No. 15-2. An inmate who progresses

> through each of the program's five phases qualifies for release into the
> prison's general population. *Id.*

ECF No. 21.

In his first preliminary injunction motion, Williams alleged that his progression through the STGMU program had been unlawfully impeded by a series of retaliatory false misconducts that caused him to remain in Phases 4 and 5 of the STGMU program for longer periods of time than otherwise warranted. ECF No. 1-2 ¶¶ 7-13. He also alleged that Defendants had explicitly conditioned his progression through the program on his agreement to stop filing grievances against staff members. After outlining the standards governing motions for preliminary relief, the Court denied the motion after concluding, among other things, that Williams had failed to demonstrate a likelihood of success on the merits or irreparable harm. ECF No. 21 at 4-7.

Williams' current preliminary injunction motion targets events that occurred after the Court's ruling on his first motion for injunctive relief. Williams accuses Defendants of engaging in subsequent acts of retaliation in order to punish him for attempting to obtain injunctive relief by way of his prior motion (and this lawsuit in general). These retaliatory acts include: (1) threatening to send Williams back to Phase 5; (2) falsely charging him with assaulting an officer; (3) stealing his property and spraying him with pepper spray; (4) depriving him of his legal materials; and (5) utilizing excessive force during an incident on June 27, 2019, in which he was allegedly punched in the face for refusing to withdraw this lawsuit. ECF No. 26. Because these incidents allegedly occurred in retaliation for this lawsuit, none of these allegations appear in Williams' pleadings.

III.    Analysis

A party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). Because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *Id.* (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A district court "should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

In the instant case, Williams filed his complaint on February 19, 2019. ECF No. 1. Each of the retaliatory acts that form the subject matter of this litigation occurred prior to that date. In contrast, Williams' second preliminary injunction motion addresses distinct and separate incidents that occurred well after the filing of this lawsuit. Although those actions might give rise to an independent cause of action in a new civil lawsuit, they are wholly disconnected from

3

the underlying claims in Williams' complaint. Under such circumstances, injunctive relief is plainly inappropriate. *See, e.g., Ball*, 396 Fed. Appx. at 837 (requiring "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint" in order for preliminary injunctive relief to be granted); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000) (affirming denial of injunction where plaintiffs' alleged harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction afford"); *Stewart v. Verano*, 2015 WL 1636124, at *2 (M.D. Pa. Apr. 8, 2015) ("In sum, a federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters are wholly unrelated to the underlying complaint."). If Williams wishes to pursue claims based on these unrelated matters, he must do so by filing a separate civil action against the appropriate defendants.

Even if Williams' motion hewed more closely to the events in his complaint, he has still failed to satisfy his heavy burden of demonstrating an entitlement to preliminary injunctive relief. Most critically, the majority of Williams' allegations are of the type and nature that can be remedied by monetary damages following a trial.[1] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm."). Several of his allegations, including the theft of his property and the false misconduct charges, pertain entirely to past events. *See Boyd v. Larson*, 2017 WL 1904278, at *3 (M.D. Pa. Apr. 21, 2017) ("A preliminary injunction cannot be issued based on past harm.") (quoting *Fischer v. Goord*, 981 F.Supp. 140, 168 (W.D.N.Y. 1997)). And,

---

[1] One notable exception is Williams' allegation that he has been "pissing out blood" since the use of force on June 27, 2019. ECF No. 26 at 2. However, Defendants have submitted medical records indicating that Williams has received treatment for his claimed injury, including a urine test. ECF No. 33-2.

finally, granting relief on Williams' allegations would require the Court to interject itself into the day to day operations of the prison system to a greater degree than ordinarily permissible. *See, e.g., Brooks v. Samuel*, 2018 WL 2287510, at *2 (M.D. Pa. May 18, 2018) ("The federal courts are not overseers of the day-to-day management of prisons."); *Stiel v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" . . .'") (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)). Injunctive relief based on these complaints is unwarranted.

IV.     Conclusion

For each of the foregoing reasons, Williams' request for a preliminary injunction is DENIED.

IT IS SO ORDERED.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 31, 2020

5