IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAQUAN WILLIAMS,<br><br>Plaintiff<br><br>v.<br><br>D. LEE, et al,<br><br>Defendants | Case No. 1:19-cv-41<br><br>UNITED STATES MAGISTRATE JUDGE<br>RICHARD A. LANZILLO<br><br>ORDER ON PLAINTIFF'S MOTION FOR<br>SPOLIATION [ECF NO. 37] |

Presently pending is Plaintiff Laquan Williams' motion for spoliation [ECF No. 17]. Williams contends that spoliation sanctions should be imposed against Defendants based on their failure to preserve relevant video footage of three incidents at issue in this lawsuit. Each will be discussed in turn.

1. Footage of Grievance 771765

First, Williams complains that Defendants failed to preserve video footage requested in Grievance 771765. It appears that Williams filed a Prison Rape Elimination Act (PREA) complaint on November 11, 2018. Grievance 771765, filed on November 15, 2018, complained of several instances of retaliation stemming from that initial PREA complaint. Williams asked the Department of Corrections to preserve video footage taken on November 13, 2018, from 8:15 am to 10:15 am, and during unidentified time periods on November 14 and 15, 2018. None of this footage was preserved. According to Williams, the videos would have shown him interacting with various corrections officers in and around his cell, including the officer against whom he had filed his PREA complaint.

1

In general, spoliation refers to "the hiding or destroying of litigation evidence, generally by an adverse party." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 320 (3d Cir. 2014) (internal citations and quotations omitted). "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). The party seeking a spoliation finding "must also prove a culpable state of mind." *Landau v. Zong*, 2017 WL 6336630, at *4 (M.D. Pa. Dec. 12, 2017). Spoliation sanctions available to a court include "dismissal of the relevant claim or a presumption by the factfinder that the spoiled evidence was harmful to the offending party's case." *Capogrosso v. 30 River Court East Urban Renewal Co.*, 482 Fed. Appx. 677, 682 (3d Cir. 2012) (citing *Bull*, 665 F.3d at 72–73).

Williams' request for a spoliation inference fails for several reasons. First, there is no evidence that any of the Defendants in this action had any control over the preservation or destruction of video footage. To the extent that this may be the case, Williams has failed to make any such showing.

Secondly, Williams has not adduced any evidence of bad faith. It is well-established that "a finding of bad faith is pivotal to a spoliation determination," and that the party seeking the spoliation inference bears the burden of proving intent. *Bull*, 665 F.3d at 79. Williams has submitted no evidence that any of the individual defendants acted in bad faith by "l[ying] or obfuscat[ing] to prevail in [their] attempt to intentionally withhold" the video from him. *Id.* at 77, 83 (emphasis added). Beyond Williams' bare allegations, the record does not show that

2

Defendants intentionally withheld the alleged video under circumstances demonstrating "fraud" or a "desire to suppress the truth." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 2995) (bad faith "arises ... only when the spoliation ... was intentional[ ] and indicates fraud and a desire to suppress the truth."). In the absence of bad faith, there is no spoliation.

Finally, it appears that the Department of Corrections believed that the allegation of retaliation that formed the subject of Grievance 771765 was the same as the allegation of sexual harassment at issue in the prior PREA complaint. Accordingly, they provided the same video clip in response to both requests and, presumably, failed to preserve the other requested videos. To the extent that this was the case, Defendants' actions appear to have stemmed from inadvertence rather than bad faith. *See* ECF No. 49.

For each of these reasons, Williams' motion for a spoliation inference related to Grievance 771765 is denied.

2. Footage of Misconduct Report D044644

Williams' second spoliation allegation relates to an incident on November 13, 2018, in which he failed to attend a misconduct hearing for Misconduct D044644. It appears that the corrections officers who were supposed to take Williams to the hearing accused Williams of refusing to exit his cell when, in fact, they never showed up to get him. ECF No. 38-4. The unit manager ultimately overturned Misconduct D044644 after reviewing the video footage of the incident and concluding that Williams' explanation was correct.

Williams objects to the fact that the video evidence reviewed by the unit manager was not preserved. However, Defendants conceded, in writing, that the video corroborated Williams' version of the event and ultimately threw out the misconduct. ECF No. 38-4. Given

3

Defendants' admission, the video is no longer necessary to prove any claims or defenses in this case. There is nothing the video would show that Williams cannot prove by entering Defendants' admission into evidence. Williams' request for a spoliation inference based on this video is denied.

3. Footage of Grievance 755219

Finally, Williams contends that Defendants deliberately destroyed video footage of an incident in which he was sprayed with pepper spray. Williams filed Grievance 775219 after the incident. Defendants respond that a video of that incident exists and that it will be provided to Williams for review. Given Defendants' response, the Court concludes that no spoliation occurred.

For each of the foregoing reasons, Williams' request for a spoliation sanction is DENIED.

IT IS SO ORDERED.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 31, 2020

4